UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY A. DAVIS, #369621,

       Plaintiff,

v.

       CASE NO. 4:25-CV-11749
       HONORABLE F. KAY BEHM

MILLS, et al.,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING HIS CIVIL RIGHTS COMPLAINT

Michigan prisoner Ricky A. Davis ("Plaintiff") has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983, ECF No. 1, as well as an application to proceed without prepayment of the filing fee. ECF No. 2. Plaintiff is currently incarcerated at the Macomb Correctional Facility ("MCF") in New Haven, Michigan, but the events giving rise to his complaint occurred while he was previously incarcerated at the St. Louis Correctional Facility ("SLF") in St. Louis, Michigan. Plaintiff sues SLF Assistant Deputy Warden Mills, SLF Assistant Residential Unit Supervisor Williams, and SLF Corrections Officer Boody alleging that they retaliated against him and failed to protect him from a risk of harm posed by one of their co-workers. Plaintiff sues the defendants in their individual

capacities and seeks monetary damages and other appropriate relief. ECF No. 1.

"Ordinarily, a federal litigant who is too poor to pay court fees ... may commence a civil action without prepaying fees or paying certain expenses." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015) (citing 28 U.S.C. § 1915). Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), however, a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Simply put, a prisoner becomes ineligible to file a complaint in federal court without prepayment of the filing fee if three or more of his or her prior lawsuits have been dismissed as frivolous, malicious, or for failure to state a claim. *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019). In such cases, a federal court must deny the application to proceed without prepayment of the filing fee and dismiss without prejudice the complaint. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to

proceed in forma pauperis pursuant to the provisions of § 1915(g)"). An exception to the "three strikes" rule applies to prisoners who are "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Court records reveal that Plaintiff has filed at least three prior civil actions which have been dismissed as frivolous and/or for failure to state a claim upon which relief may be granted. *See Davis v. Shafer*, No. 1:23-cv-01260 (W.D. Mich. Dec. 20, 2023); *Davis v. Simon, et al.*, No. 1:23-cv-01259 (W.D. Mich. Dec. 20, 2023); *Davis v. Corizon, et al.*, No. 1:21-cv-00213 (W.D. Mich. Sept. 2, 2021 & Oct. 8, 2021).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three strikes rule, a prisoner must allege facts indicating that "the threat or prison condition is 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *See Rittner v. Kinder*, 290 F. App'x 796, 797-798 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id.*, as is a general assertion of the potential for future harm. *See Vandiver v. Vasbinder*,

3

416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Additionally, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as sufficiently "serious" under § 1915(g).  *Gresham*, 938 F.3d at 850.

In this case, Plaintiff fails to allege facts which show that he is under imminent danger of serious physical injury. His complaint concerns allegations of past conduct and injury which do not establish that he is currently under imminent danger of serious physical injury. *See Rittner*, 290 F. App'x at 797-798. Moreover, given that Plaintiff has been transferred to MCF and is no longer incarcerated at SLF where the defendants are employed, he cannot show that he is currently under imminent danger of serious physical injury due to the defendants' conduct. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Raleem-X v. Borgerding*, No. 16-CV-12234, 2016 WL 4800877, *2 (E.D. Mich. Sept. 14, 2016). Plaintiff fails to show that he is under imminent danger of serious physical injury so as to fall within the exception to the three strikes rule. Consequently, he is not allowed to proceed without prepayment of the filing fee for this action.

Accordingly, the Court **DENIES** Plaintiff's application for leave to proceed without prepayment of the filing fee and **DISMISSES** his civil rights complaint

pursuant to 28 U.S.C. § 1915(g).  This dismissal is without prejudice to the filing of a new civil rights complaint with full payment of the $350.00 filing fee and the $55.00 administrative fee.  Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."  Any such complaint must also comply with Federal Rule of Civil Procedure Rule 8(a), which requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). This case is closed.

**IT IS SO ORDERED.**

s/F. Kay Behm
F. Kay Behm
United States District Judge

Dated:   June 25, 2025